IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE J. M. SMUCKER COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THE WESTON FIRM, P.C.,<br><br>Defendant. | CASE NO. 5:13-cv-00448-JRA<br><br>JUDGE JOHN R. ADAMS<br><br>MAGISTRATE JUDGE GEORGE J. LIMBERT |

## MOTION TO DISQUALIFY ATTORNEY GREGORY S. WESTON

Defendant's counsel, Gregory S. Weston, will be a necessary witness in this case. Accordingly, Ohio Rule of Professional Conduct 3.7(a) requires that he be disqualified. Mr. Weston also has a proprietary interest in the subject matter of this litigation, and Ohio Rule of Professional Conduct 1.8 requires that both he and his firm be disqualified from representing the defendant in this action. For these reasons and for the reasons more fully set forth below, Plaintiff The J. M. Smucker Company ("Smucker") hereby moves that Mr. Weston and his firm be disqualified as acting as counsel for Defendant in this matter.

1

**BACKGROUND**

Smucker filed this action against The Weston Firm, P.C., on March 1, 2013, seeking injunctive relief and damages related to conduct of the defendant, including acts of trademark dilution, cyberpiracy, deceptive trade practices, violation of the Ohio food disparagement statute, and acts of corporate defamation. Smucker's claims arise from Defendant's registration, operation, and use of the domain name smuckerlawsuit.com in connection with a website that contains numerous false, defamatory, and disparaging statements regarding Smucker and its products, and the prominent and unauthorized use of Smucker's trademarks and trade dress. The statements on the website seek to portray Smucker's CRISCO shortening, UNCRUSTABLES sandwiches, and other products manufactured and distributed by Smucker as dangerous to the public health and claims falsely that consumption of such products can lead to death. Even a cursory inspection of the website reveals that Defendant has a commercial purpose in operating and maintaining the website, which is to solicit clients for Mr. Weston's law practice.

On March 19, 2013, Defendant filed a Motion for Admission *Pro Hac Vice* of Gregory S. Weston. (ECF No. 5.) Shortly thereafter, Plaintiff filed a response requesting that the Court delay ruling on Defendant's Motion until April 5, 2013, to allow Smucker time to investigate the propriety of Mr. Weston representing his law firm in this proceeding and to prepare and file a Memorandum in Opposition to the Motion, if it deemed appropriate. (ECF No. 7.) That same day, however, the Court granted the motion for Mr. Weston to appear *pro hac vice* on Defendant's behalf.[1] Upon review and consideration of the applicable Ohio Rules of

---

[1] In light of the plain language of Ohio Rule of Professional Conduct 3.7 and the compelling case law that exists pertaining to the advocate-witness rule in Ohio, Smucker hoped that Mr. Weston would voluntarily withdraw as counsel in this matter. Indeed, the Response that Smucker filed concerning Mr. Weston's Motion for Admission *Pro Hac Vice*, should have prompted him to research the issue and take the necessary action to comply with his ethical obligations. Unfortunately, Mr. Weston has chosen not to withdraw voluntarily, which has necessitated the filing of this Motion.

Professional Conduct and relevant case law, Smucker now moves this Court to disqualify Mr. Weston from representing Defendant in this litigation.

## ARGUMENT

Ohio Rule of Professional Conduct 3.7(a) provides that:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) the disqualification of the lawyer would work *substantial* hardship on the client.

Ohio Prof. Cond. Rule 3.7(a) (emphasis in original). "The rule is stated as an imperative; that is, counsel is not permitted by the rule to be both an advocate and a witness unless one of the exceptions applies." *Popa Land Co., Ltd. v. Fragnoli*, No. 08CA0062-M, 2009 WL 735969, at *3 (Ohio Ct. App. Mar. 23, 2009).

A "necessary witness" for the purposes of Rule 3.7(a) is someone whose testimony "is relevant and material to the determination of the issues being litigated and unobtainable elsewhere." *Zang v. Zang*, No. 1:11-cv-00884, 2012 WL 3778218, at *2 (S.D. Ohio Aug. 30, 2012). A moving party need not establish that the attorney *will* be called as a witness, only that it is *likely* that the attorney would need to testify. *See Rock v. Sanislo*, No. 09CA0031-M, 2009 WL 5154889, at *2 (Ohio Ct. App. Dec. 30, 2009).

Attorney Gregory S. Weston has been granted permission to represent Defendant *pro hac vice* in this litigation. Defendant is a law firm of which Mr. Weston is a principal—indeed, he is the founding member and the sole named partner. (A printout of the home page of Defendant's website, which states that "The Weston Firm was founded in 2007 by attorney Gregory S.

3

Weston," is attached hereto as Exhibit A.) Mr. Weston also serves as Defendant's statutory agent for service of process. (A printout of the results from the California Secretary of State's Business Records database identifying Mr. Weston as statutory agent for service is attached hereto as Exhibit B.) But, most importantly, each page of the website at issue now contains a footer stating, "This website maintained by The Weston Firm, Gregory S. Weston, 1405 Morena Blvd. Ste. 201, San Diego, CA 92110."[2] (A full printout of each of the pages of the website is attached collectively hereto as Exhibit C and is incorporated herein by reference.) Because the creation, content, and maintenance of the website are central to this litigation, Mr. Weston's testimony is plainly relevant and material. Mr. Weston also has personal knowledge concerning the facts underlying each of Smucker's claims against Defendant. There can be little doubt that Mr. Weston will be called as a witness in this proceeding to provide significant factual testimony that is central to Smucker's claims (and, presumptively, central to any defenses that may be asserted by The Weston Firm).

Based on the foregoing, Mr. Weston is a necessary witness and cannot continue his representation of Defendant. Thus, unless one of the enumerated exceptions applies, Rule 3.7(a) prohibits Mr. Weston from continuing as an advocate in this case. *See Zang*, 2012 WL 3778218, at *2-3 (granting disqualification motion of attorney under Rule 3.7 of the Ohio Rules of Professional Conduct); *see also Omnicare, Inc. v. Provider Services, Inc.*, No. 1:05CV2609, 2006 WL 414061, at *3-5 (N.D. Ohio Feb. 21, 2006) (granting disqualification motion of attorney and law firm representing defendant under the advocate-witness rule, as embodied in the Ohio Code of Professional Responsibility, which preceded the current ethical rules).

It is Defendant's burden to demonstrate that one of the exceptions to Rule 3.7(a) applies. *See Popa*, 2009 WL 735969, at *3. Because Mr. Weston's testimony relates to contested issues

---

[2] The website was altered to include this notation in the footer of each page only after the filing of this action.

and does not relate to the nature or value of Mr. Weston's legal services, only exception (a)(3) is potentially applicable here. Hence, Defendant must show that disqualification of Mr. Weston will work a "substantial hardship" upon it. *See* Ohio Prof. Cond. Rule 3.7(a)(3). And the Ohio Supreme Court has specifically rejected the argument that mere financial hardship constitutes "substantial hardship." *See Popa*, 2009 WL 735969, at *5 (citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 650 N.E.2d 869, 873-74 (Ohio 1995)). This case is in its very early stages. Defendant will have ample time to find new counsel and new counsel will have ample time to prepare the case. Accordingly, The Weston Firm will not suffer any hardship, let alone substantial hardship, by Mr. Weston's disqualification.

Furthermore, there is an additional basis for disqualifying both Mr. Weston and his firm from representing Defendant. The relevant portions of Ohio Rule of Professional Conduct 1.8 provide that:

> (i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may do either of the following:
>
> > (1) acquire a lien authorized by law to secure the lawyer's fee or expenses;
> >
> > (2) contract with a client for a *reasonable* contingent fee in a civil case.
>
> . . .
>
> (k) While lawyers are associated in a *firm*, a prohibition in divisions (a) to (i) of this rule that applies to any one of them shall apply to all of them.

Ohio Prof. Cond. Rule 1.8 (emphasis in original). This Rule appears, on its face, to preclude Mr. Weston or any member of his firm from representing Defendant inasmuch as Mr. Weston has a proprietary interest in this matter as the founder and a current principal member of The Weston Firm. As such, he and the partners of his firm share in The Weston Firm's assets and would share in its gains or losses if damages are assessed in this case. To be sure, Smucker is seeking

an award of damages, including compensatory damages, punitive damages, and treble damages, in addition to its costs, disbursements, expenses, and attorneys' fees, resulting from The Weston Firm's actions. Moreover, Mr. Weston appears to have had a direct and fundamental role in the actions that form the bases of Smucker's causes of action. Again, each page of the website at issue now specifically indicates that The Weston Firm, *and Mr. Weston in particular*, is responsible for its maintenance and its content. (*See* Ex. C.)

Although Rule 1.8(i) is grouped with other conflicts of interest rules that may be waived, there is no provision in Rule 1.8(i) for informed consent. Thus, the Rule stands as an absolute prohibition on attorneys acquiring a proprietary interest in the subject matter of a litigation. Accordingly, Mr. Weston is subject to disqualification, as is his entire firm, because of their proprietary interest in the subject matter of this case.

## **CONCLUSION**

Because Mr. Weston is a necessary witness and because disqualifying Mr. Weston at this early stage will not work any substantial hardship upon the defendant, Mr. Weston must be disqualified under Ohio Rule of Professional Conduct 3.7(a). Furthermore, both Mr. Weston and the members of his firm must be disqualified under Ohio Rule of Professional Conduct 1.8 given their proprietary interest in the litigation. For all of the foregoing reasons, Smucker respectfully requests that its Motion be granted.

| | |
|---|---|
| Dated: April 8, 2013 | Respectfully submitted, |
| | |
| | /s/ Angela R. Gott |
| | Timothy P. Fraelich  (Ohio Bar No. 0062468) |
| | tfraelich@jonesday.com |
| *Of Counsel*: | Robert P. Ducatman  (Ohio Bar No. 0003571) |
| | rducatman@jonesday.com |
| Ronald Y. Rothstein | Angela R. Gott  (Ohio Bar No. 0082198) |
| rrothstein@winston.com | agott@jonesday.com |
| WINSTON & STRAWN LLP | JONES DAY |
| 35 West Wacker Drive | North Point |
| Chicago, Illinois  60601 | 901 Lakeside Avenue |
| Telephone:  (312) 558-5600 | Cleveland, Ohio  44114-1190 |
| Facsimile:  (312) 558-5700 | Telephone:  (216) 586-3939 |
| | Facsimile:  (216) 579-0212 |
| | |
| | *Attorneys for Plaintiff* |
| | *The J. M. Smucker Company* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2013, a copy of the foregoing MOTION TO DISQUALIFY ATTORNEY GREGORY S. WESTON was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Angela R. Gott*
One of the Attorneys for Plaintiff