**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | |
|---|---|
| THE J.M. SMUCKER COMPANY,<br><br>PLAINTIFF,<br><br>v.<br><br>THE WESTON FIRM, P.C.,<br><br>DEFENDANT. | Case No: 5:13CV448<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL**<br><br>Judge: The Hon. John R. Adams<br><br>Magistrate Judge: The Hon. George J. Limbert |

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.     The Attorney-Witness Rule Does Not Disqualify Mr. Weston ........................................... 2

    A.     The Attorney-Witness Rule Does Not Apply Because There Is No Risk That The Fact Finder Would Confuse The Capacity In Which Mr. Weston Would Testify .................... 3

    B.     Plaintiff Fails to Show Mr. Weston Will Be A Necessary Witness ................................. 5

        1.     Plaintiff Fails to Provide Adequate Basis for Court to Determine Materiality .......... 5

        2.     Plaintiff Fails to Establish Mr. Weston's Testimony is Otherwise Unobtainable ..... 6

        3.     Mr. Weston Testifying at Trial Would Cause No Real Harm .................................. 7

        4.     Public Policy Dictates That Mr. Weston Should Not Be Disqualified ..................... 8

    C.     The Attorney-Witness Rule Only Applies *at Trial* ............................................................. 8

    D.     Rule 3.7(b) Expressly Preserves the Right of Firm's Other Lawyers to Act as Advocates ................................................................................................................. 9

II.    Mr. Weston Has Not Acquired a Proprietary Interest In The Litigation By Virtue of His Status as Partner in the Weston Firm. ............................................................................... 10

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Bank One Trust Co., N.A. v. Scherer*,
    2012 Ohio 5302 (Ct. App. 2012) ....................................................................................... 6

*Barberton Rescue Mission v. Hawthorn*,
    2003 Ohio 1135 (Ct. App. 2003) ....................................................................................... 2

*Brown v. Spectrum Networks, Inc.*,
    180 Ohio App. 3d 99 (2008) ................................................................................. 1, 5, 6, 7

*Carr v. Acacia Country Club Co.*,
    2009 Ohio 628 (Ct. App. 2009) ...................................................................................... 2, 7

*City of Akron v. Carter*,
    190 Ohio App. 3d 420 (2010) ........................................................................................ 5, 7

*City of Whitehall v. Bowman*,
    2008 Ohio 2279 (Ct. App. 2008) ....................................................................................... 4

*Cooke v. AT&T Corp.*,
    2006 U.S. Dist. LEXIS 32489 (S.D. Ohio May 23, 2006) ............................................. passim

*Damron v. CSX Transp., Inc.*,
    184 Ohio App. 3d 183 (2009) ........................................................................................... 6

*Efficient Air, Inc. v. Sufrad Enters.*,
    2012 Ohio 3983 (Ct. App. 2012) ..................................................................................... 11

*Fed. Deposit Ins. Corp. v. Frazier*,
    637 F. Supp. 77 (D. Kan. 1986) ........................................................................................ 8

*Freeman v. Chicago Musical Instrument Co.*,
    689 F.2d 715 (7th Cir. 1982) ............................................................................................. 3

*Gennett v. Leichtamer*,
    1979 Ohio App. LEXIS 10878 (Sept. 27, 1979) ....................................................... 10, 11

*Gorovitz v. Planning Bd. of Nantucket*,
    394 Mass. 246 (1985) ....................................................................................................... 8

*Hamrick v. Union Twp.*,
    81 F. Supp. 2d 876 (S.D. Ohio 2000) ............................................................................ 3, 4

*Harrison v. Keystone Coca-Cola Bottling Co.*,
    428 F. Supp. 149 (M.D. Pa. 1977) ................................................................................. 5, 8

*Horen v. Bd. Of Educ.*,
    174 Ohio App. 3d 317 (2007) ................................................................................... 3, 4, 5, 8

*In re American Cable Publications, Inc.*,
    768 F.2d 1194 (10th Cir. 1985) .................................................................................. 3, 5

*In re Estate of Reeves-Timothy*,
    2006 Pa. Dist. & Cnty. Dec. LEXIS 213 (Pa. County Ct. Sept. 20, 2006) ............................ 11

*In re Nicole Energy Servs.*,
    385 B.R. 201 (S.D. Ohio 2008) ................................................................................... 1, 4

*In re Retaining Vorys, Sater, Seymour & Pease LLP*,
    192 Ohio App. 3d 357 (Ct. App. 2011) ........................................................................ 1, 3

*In re Thomas Consol. Indus.*,
    289 B.R. 647 (N.D. Ill. 2003) ......................................................................................... 9

*Int'l Elec. Corp. v. Flanzer*,
    527 F.2d 1288 (2d Cir. 1975) ......................................................................................... 4

*Jon Snyder, Inc. v. Chappelear*,
    2009 Ohio Misc. LEXIS 545 (Ohio C.P. Oct. 23, 2009) ................................................... 8

*Khoury v. Cook Associates*,
    1997 U.S. Dist. LEXIS 13593 (N.D.Ill. Sept. 4, 1997) ..................................................... 9

*Lingel v. Olbin*,
    198 Ariz. 249 (Ariz. Ct. App. 2000) ............................................................................. 11

*Lo Guidice v. Harris*,
    98 Ohio App. 230 (1955) .............................................................................................. 11

*Manning v. Waring, Cox, James, Sklar & Allen*,
    849 F.2d 222 (6th Cir. 1988) ......................................................................................... 3

*O'Neil v. Bergan*,
    452 A.2d 337 (D.C. 1982) .............................................................................................. 4

*Pu v Mitsopoulos*,
    2008 N.Y. Misc. LEXIS 8212 (Sup. Ct. June 30, 2008) ................................................... 6

*Puritas Metal Prods. v. Cole*,
    2008 Ohio 4653 (Ct. App. 2008) ........................................................................ 1, 4, 5, 7

*Rock v. Sanislo*,
    2009 Ohio 6913 (Ct. App. 2009) ................................................................................... 7

*Ross v. Olsavsky*,
    2010 Ohio 1310 (Ct. App. 2010) ................................................................................... 7

*State v. Johnson*,
    197 Ohio App. 3d 631 (2011) .................................................................................... 1, 6

*Syscon Corp. v. United States*,
    10 Cl. Ct. 200 (1986) ............................................................................................ 2, 10, 11

*T & R Foods, Inc. v. Rose*,
    47 Cal. App. 4th Supp. 1 (1996) ....................................................................................... 4

*United States v. Poulsen*,
    2006 U.S. Dist. LEXIS 68214 (S.D. Ohio Sept. 12, 2006) ........................................... 3

*Waliszewski v. Caravona Builders, Inc.*,
    127 Ohio App. 3d 429 (1998) ...................................................................................... 2, 8

**RULES**

ABA Model Rule 1.8(j) .............................................................................................. 10

Ohio Prof. Cond. Rule 1.8 cmt.16 ......................................................................... 2, 11

Ohio Prof. Cond. Rule 1.8(i) ....................................................................................... 2

Ohio Prof. Cond. Rule 3.7 ........................................................................................... 1

Ohio Prof. Cond. Rule 3.7 cmt.5 ................................................................................ 9

Ohio Prof. Cond. Rule 3.7(a) ................................................................................. 3, 8

Ohio Prof. Cond. Rule 3.7(b) ...................................................................................... 9

Ohio Rule of Prof. Cond. 1.8(i) ................................................................................ 10

# INTRODUCTION

Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Puritas Metal Prods. v. Cole*, 2008 Ohio 4653, ¶28 (Ct. App. 2008) (internal quotations, citations, and alterations omitted). Disqualification is absolutely necessary only if "real harm is likely to result from failing to [disqualify]." *Id.* In other words, "when the purpose advanced by the rules is not subverted by an otherwise apparent literal violation of the rules, no disqualification is needed." *See Cooke v. AT&T Corp.*, 2006 U.S. Dist. LEXIS 32489, at *6 (S.D. Ohio May 23, 2006). Disqualifying Mr. Weston under Ohio Prof. Cond. Rule 3.7 (the "attorney-witness" rule) is inappropriate for three reasons.

First, it is firmly established that this rule does not "prohibit self-representation by counsel" who may need to testify. *In re Retaining Vorys, Sater, Seymour & Pease LLP*, 192 Ohio App. 3d 357, 372 (Ct. App. 2011) (citation omitted). This is because there is no risk the dual attorney-witness role would cause *jury* confusion since the jury is "able to understand that the attorney has a personal interest in the outcome . . . and it could evaluate the credibility of the attorney's testimony on that basis." *See In re Nicole Energy Servs.*, 385 B.R. 201, 222 (S.D. Ohio 2008). Thus, it would be clear to any juror that testimony by Mr. Weston is in his capacity as an interested owner in TWF, not as an attorney, Rule 3.7 does not apply.

Second, even if the Court were to apply Rule 3.7(a), Plaintiff's bare assertions that Mr. Weston has "personal knowledge" and would "provide significant factual testimony," Mot. at 4, are an insufficient basis for the Court to determine whether his testimony is material. *See Brown v. Spectrum Networks, Inc.*, 180 Ohio App. 3d 99, 105 (2008) (Where "[t]here was no evidence presented as to what [attorney's] testimony would be," the trial court lacked evidence "from which the trial court could have adequately determined the admissibility.").

Third, and even more problematic, Plaintiff wholly fails to demonstrate that Mr. Weston's testimony is not "obtainable from other sources." *Id.* at 104. Plaintiff makes no showing that Mr. Weston has "information that *no other witness can provide*." *State v. Johnson*, 197 Ohio App. 3d 631, 634 (2011) (emphasis added). In fact, Plaintiff does not provide the Court with a sufficient basis upon which to make such a finding. *See Brown*, 180 Ohio App. 3d at 105

(reversing trial court because it "failed to determine whether [counsel's] testimony was unobtainable elsewhere," and noting that "the record is devoid of evidence upon which such a determination could have been made.").

Plaintiff's alternative basis for disqualification, under Rule 1.8(i), also fails for three reasons. First, Plaintiff misconstrues the Rule's plain language, which prohibits an attorney from *acquiring* an interest in a client's litigation. Mr. Weston did not *acquire* his partnership status in exchange for representing TWF. In fact, his status as a partner is entirely unrelated to the litigation. Second, disqualification does not serve the Rule's purpose, which the official Comments make clear is to prevent conflicts of interest that may arise when a lawyer has "too great an interest in the representation." Ohio Prof. Cond. Rule 1.8 cmt.16. Mr. Weston's interest, however, is exactly the same whether he serves as attorney or not. Finally, Plaintiff provides no authority to support its position, which defies persuasive case law discussing why an ownership interest in an entity should not lead to disqualification. *See Syscon Corp. v. United States*, 10 Cl. Ct. 200, 203-04 (1986) (attorney's unrelated ownership interest in a corporation does not constitute a proprietary interest in litigation).

In sum, the Rules simply were not intended to disqualify an attorney, like Mr. Weston, who wishes to represent his own firm. The Court should reject Plaintiff's attempt to fabricate ethical violations by advancing convoluted interpretations of the Rules and deny Plaintiff's Motion to disqualify. *See Carr v. Acacia Country Club Co.*, 2009 Ohio 628, ¶31 (Ct. App. 2009) ("Disqualification is such a drastic measure that it should be invoked if, and only if, the court is satisfied that real harm is likely to result from failing to invoke it." (quoting *Barberton Rescue Mission v. Hawthorn*, 2003 Ohio 1135, ¶5 (Ct. App. 2003)).

## ARGUMENT

I.   **The Attorney-Witness Rule Does Not Disqualify Mr. Weston**

"[I]t is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary." *Waliszewski v. Caravona Builders, Inc.*, 127 Ohio App. 3d 429, 433 (1998). "Courts have made clear that motions to disqualify counsel made under the advocate-witness

rule should be viewed with disfavor because of their potential to interfere with a defendant's right to choose his own counsel and their 'strong potential for abuse.'" *United States v. Poulsen*, 2006 U.S. Dist. LEXIS 68214, at *27 (S.D. Ohio Sept. 12, 2006) (quoting *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988)). "[B]ecause of the potential use of the advocate-witness rule for abuse, disqualification is a drastic measure which should not be imposed unless absolutely necessary." *Horen v. Bd. Of Educ.*, 174 Ohio App. 3d 317, 322 (2007) (internal quotations and citations omitted); *Hamrick v. Union Twp.*, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000) (Motions for attorney disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment" (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982))).

The purpose of Rule 3.7(a) is to "prevent situations in which others might think the lawyer, as witness, is distorting the truth for his client or is enhancing his own credibility as advocate by virtue of having taken an oath, as a witness" *Cooke*, 2006 U.S. Dist. LEXIS 32489, at *6 (quoting *In re American Cable Publications, Inc.*, 768 F.2d 1194, 1196 (10th Cir. 1985)). Thus the court in *Cooke* explained:

> [D]espite the apparent literal application of the Disciplinary Rules to the question of whether a lawyer can serve as both attorney and witness, [t]he critical question is not whether or not a lawyer will be called as a witness, but whether the litigation can be conducted in fairness to all if the attorney is a witness. And attorneys should not be disqualified unless the ethical problem posed by his role as a witness taints with misconduct the trial and the underlying adversary process.

*Id.*, at *7-8 (internal quotation and citation omitted).

**A. The Attorney-Witness Rule Does Not Apply Because There Is No Risk That The Fact Finder Would Confuse The Capacity In Which Mr. Weston Would Testify**

"[N]either Prof. Cond. Rule 3.7, nor its predecessor prohibit self-representation by counsel."[1] *In re Retaining Vorys, Sater, Seymour & Pease LLP*, 192 Ohio App. 3d at 372 (citing

---

[1] The Ohio Rules of Professional Conduct took effect on February 1, 2007, and are nearly

3

*Horen*, 174 Ohio App. 3d at 325 ("State courts have also held that this type of disciplinary rule is not applicable to self-representation. We agree.")). The attorney-witness rule does not apply to situations in which the lawyer has an interest in the litigation because the jury will understand that the lawyer's "interest in framing his testimony in a light most favorable to his own interests would be due to his role as a litigant and not to his role as an advocate." *Cooke*, 2006 U.S. Dist. LEXIS 32489, at *7 (Where a lawyer represents his own firm, it is clear that he is testifying as an interested party not as an advocate, and "the jury would therefore not be confused by the dual role played by the lawyer-litigant."); *see also In re Nicole Energy Servs.*, 385 B.R. at 221 ("The 'advocate-witness rule' on which NGP relies applies only when an attorney is representing a client other than himself . . . .").

As owner of the Weston Firm, Mr. Weston is in essence representing himself. *See O'Neil v. Bergan*, 452 A.2d 337, 344 (D.C. 1982) (attorney-witness rule did not apply because "the firm, in effect, was representing itself."); *T & R Foods, Inc. v. Rose*, 47 Cal. App. 4th Supp. 1, 8-9 (1996). As "the founding member and the sole named partner" of the Weston Firm, Mot. at 3, there is no risk that a jury would be confused as to the capacity in which Mr. Weston is testifying. It would be clear to the jury that any sworn testimony given by Mr. Weston is given with the purpose of promoting his interest in the Weston Firm, not in his role as an advocate. *See Horen*, 174 Ohio App. 3d at 324-25 ("the jury would be able to understand that the attorney has a personal interest in the outcome of the two claims and it could evaluate the credibility of the attorney's testimony on that basis."); *see also Int'l Elec. Corp. v. Flanzer*, 527 F.2d 1288, 1293-95 (2d Cir. 1975) (defendant is not barred from retaining former firm, in which he was a partner,

---

identical to ABA Model Rules of Professional Conduct, with minor alterations. Therefore, Ohio courts frequently seek guidance from substantively similar preceding rules and neighboring jurisdictions that have also adopted the ABA Model Rules. *See Horen*, 174 Ohio App. 3d at 321, 325 ("Prof. Cond. Rule 3.7 is analogous to two prior disciplinary rules," it "did not change substantially the conduct prohibited in DR 5-101(B) and DR 5-102(A)."); *City of Whitehall v. Bowman*, 2008 Ohio 2279, ¶17 (Ct. App. 2008) ("Even though Prof. Cond. Rule 3.7 has replaced DR 5-101(B) and 5-102, the analytical process set forth in *Mentor Lagoons* remains appropriate when applying the new rules." (citations omitted)); *Puritas Metal Prods.*, 2008 Ohio 4653 at ¶31("this Court looks to other jurisdictions for guidance regarding a trial court's determination that an attorney is a necessary witness.").

on ground he will be witness at trial); *Harrison v. Keystone Coca-Cola Bottling Co.*, 428 F. Supp. 149, 152-53 (M.D. Pa. 1977) (attorney who is party litigant and will testify is not barred from retaining his own firm as counsel). Since there is no risk of confusing the jury, policy dictates that the Court should not disqualify Mr. Weston. *See Cooke*, 2006 U.S. Dist. LEXIS 32489, at *7 ("'[W]e think that American lawyers would be shocked, and properly so, by an interpretation of the ethics rules that would prohibit them from hiring their law partners to represent them as party litigants simply because they might have to testify in the lawsuit.'") (quoting *In re American Cable Publ'n, Inc.* 768 F.2d at 1197)).

### B. Plaintiff Fails to Show Mr. Weston Will Be A Necessary Witness

Even if the Court were to find the attorney-witness rule applicable, Plaintiff fails to meet its additional burden of "proving that disqualification is necessary." *Horen*, 174 Ohio App. 3d at 323 (citation omitted). "Under Rule 3.7, a lawyer may only be disqualified from representing his client when it is likely that the lawyer will be a 'necessary' witness." *Brown*, 180 Ohio App. 3d at 104. A party seeking to disqualify an opposing attorney must

> demonstrate[] three things: (1) that the attorney's testimony is *material* to the determination of the issues being litigated; (2) that the evidence is *unobtainable elsewhere*; and (3) that the testimony is or may be *prejudicial to the testifying attorney's client*. Courts have viewed the three-pronged test as being necessary to prevent Rule 3.7 from being used as a sword or a tactical measure to hinder the other party's case.

*Puritas Metal Prods.*, 2008 Ohio 4653, ¶33 (emphasis added and internal quotation omitted).

### 1. Plaintiff Fails to Provide Adequate Basis for Court to Determine Materiality

Plaintiff has also failed to provide a basis upon which the Court may determine the necessity of Mr. Weston's testimony. Plaintiff's bare assertion that Mr. Weston has "personal knowledge" and his testimony is "plainly relevant and material," Mot. at 4, does not establish his testimony is *necessary*, *see City of Akron v. Carter*, 190 Ohio App. 3d 420, 429 (2010) ("A

party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.").

Further, the vague assertion that Mr. Weston will "provide significant factual testimony," Mot. at 4, does not give the Court sufficient evidence to determine whether Mr. Weston's testimony would be material much less necessary. *See Brown*, 180 Ohio App. 3d at 105 (holding trial court abused its discretion in disqualifying attorney under Rule 3.7(a) because there was "a lack of evidence in the record from which the trial court could have adequately determined the admissibility of Utter's testimony. . . . There was no evidence presented as to what Utter's testimony would be."); *Damron v. CSX Transp., Inc.*, 184 Ohio App. 3d 183, 192 (2009) ("the court necessarily must first identify what testimony the lawyer might offer in relation to a contested issue *that would be necessary*" (emphasis added)). Considering that the merits of Plaintiff's claims depend upon the content of the website, more than Plaintiff's vague assertions is needed to establish Mr. Weston's testimony is necessary. *See Bank One Trust Co., N.A. v. Scherer*, 2012 Ohio 5302, ¶43-44 (Ct. App. 2012) (rejecting argument that attorney's testimony was necessary where the attorney was an "integral part of the actual substantive creation and structuring of the trust accounting documents").

### 2. Plaintiff Fails to Establish Mr. Weston's Testimony is Otherwise Unobtainable

In addition, Plaintiff fails to demonstrate that Mr. Weston's testimony is not "duplicative" or "obtainable from other sources." *Brown*, 180 Ohio App. 3d at 104 ("Accordingly, if the lawyer's testimony would be duplicative or is obtainable from other sources, the lawyer should not be disqualified."). "Testimony may be relevant and even highly useful but still not necessary." *Pu v Mitsopoulos*, 2008 N.Y. Misc. LEXIS 8212, at *23 (Super. Ct. June 30, 2008) (internal quotations omitted). "If the evidence that is to be offered by an opposing attorney's testimony can be elicited through other means, then the attorney is not a necessary witness." *State v. Johnson*, 197 Ohio App. 3d at 634 (internal citation and quotation omitted). In other words, "the attorney must be someone who has relevant, necessary information that *no other witness can provide*." *Id.* (emphasis added).

The information Plaintiff seeks concerns the "creation, content, and maintenance" of the litigation website. Mot. at 4. Plaintiff has not demonstrated that this information is not obtainable from someone else, and it would be an error for the Court to disqualify Mr. Weston without such a showing. *See Puritas Metal Prods.*, 2008 Ohio 4653, at ¶35, 40 (trial court abused its discretion in disqualifying attorney under Rule 3.7(a) because it did not consider whether information sought may "be elicited through other means."); *Rock v. Sanislo*, 2009 Ohio 6913, at ¶16 (Ct. App. 2009). Mr. Weston is not the only person in a position to have personal knowledge of the information sought. *Compare Rock*, 2009 Ohio 6913, ¶15 (attorney was necessary witness because, as client's *only* representative, "only she could testify to her personal knowledge regarding her understanding of [a potential malpractice claim]" against client's previous attorney), *with Ross v. Olsavsky*, 2010 Ohio 1310, ¶51 (Ct. App. 2010) (attorney's testimony was not necessary to determine whether "service of process [to his client was] perfected").

Further, Plaintiff has failed to provide the Court with an evidentiary basis upon which it could determine the information could not be obtained elsewhere. *See Brown*, 180 Ohio App. 3d at 105 (reversing trial court because it "failed to determine whether [counsel's] testimony was unobtainable elsewhere," and noting that "the record is devoid of evidence upon which such a determination could have been made.").

### 3. Mr. Weston Testifying at Trial Would Cause No Real Harm

"Disqualification is such a drastic measure that it should be invoked *if, and only if*, the court is satisfied that *real harm* is likely to result from failing to invoke it." *Carr v. Acacia Country Club Co.*, 2009 Ohio 628, ¶31 (Ct. App. 2009) (emphasis added and citation omitted). Mr. Weston cannot be disqualified because Plaintiff failed to demonstrate harm. *See City of Akron v. Carter*, 190 Ohio App. 3d 420, 430 (2010) (trial court abused its discretion in disqualifying attorney where "there is no indication that the trial court determined that real harm was likely to result from the lawyers' continued representation"). Nor could it. As discussed above, there is no risk a jury would be confused as to the capacity in which Mr. Weston was testifying. *See* Cooke, 2006 U.S. Dist. LEXIS 32489, at *7 (Where a lawyer represents his own firm, the jury would "not be confused by the dual role played by the lawyer-litigant."). Further,

nowhere does Plaintiff claim that it would be prejudiced by Mr. Weston testifying. *See generally* Mot. Because no harm would result from Mr. Weston testifying, Plaintiff has failed to prove "that disqualification is necessary." *Waliszewski*, 127 Ohio App. 3d at 433 (citation omitted); *see also Gorovitz v. Planning Bd. of Nantucket*, 394 Mass. 246, 250 (1985) (holding disqualification improper because "[t]here is no basis here on which to conclude that Mr. Gorovitz's representation of the Nantucket Collaborative threatens either the integrity of the legal system or the vigorous prosecution of the partnership's cause of action.").

### 4. Public Policy Dictates That Mr. Weston Should Not Be Disqualified

The Court should not disqualify Mr. Weston, "even if some technical violation might be teased out of the language of the rules, [because] they clearly were not intended to apply to this situation and their purposes are in no way subverted." *Cooke*, 2006 U.S. Dist. LEXIS 32489, at *9. Restraint in disqualifying an attorney is crucial to defending a litigant's right to choose their own counsel. *See Horen*, 174 Ohio App. 3d at 325 ("[A]n attorney has a right to represent himself and implicit within that right is the right to be represented by the counsel of his own choosing, even another member of his law firm." (citing *Harrison v. Keystone Coca-Cola Bottling Co.*, 428 F. Supp. 149, 152-153 (M.D. Pa. 1977))). Therefore, "[c]ourts routinely examine the context in which disqualification motions are made, seeking thereby to guard against contrived arguments intended only to harass an opponent while driving up cost and increasing delay." *Jon Snyder, Inc. v. Chappelear*, 2009 Ohio Misc. LEXIS 545, at *5 (Ohio C.P. Oct. 23, 2009); *accord Fed. Deposit Ins. Corp. v. Frazier*, 637 F. Supp. 77 (D. Kan. 1986). That is the case here. Thus, Mr. Weston should not be stripped of his right to represent himself. *See Cooke*, 2006 U.S. Dist. LEXIS 32489 at *8 ("[t]he critical question is not whether or not a lawyer will be called as a witness, but whether the litigation can be conducted in fairness to all if the attorney is a witness.").

## C. The Attorney-Witness Rule Only Applies *at Trial*

The plain language of Rule 3.7(a), its underlying rationale, and the interpretation of identical rules in neighboring jurisdictions dictate that the attorney-witness rule only applies *at trial*. The plain text of Rule 3.7(a) specifically limits a lawyers' role only "as an advocate *at a*

*trial.*" Ohio Prof. Cond. Rule 3.7(a) (emphasis added); *see also In re Thomas Consol. Indus.*, 289 B.R. 647, 653 (N.D. Ill. 2003) ("The plain text of [Rule ]3.7(a), taken together with the committee comment, clearly contemplates that an attorney-witness will not be precluded from participating in all phases of a case, but rather only in trial and evidentiary proceedings involving the testimony of witnesses before a factfinder."). Because Rule 3.7(a) is meant to prevent confusion by a fact finder regarding the capacity in which an attorney is testifying, applying it to prevent Mr. Weston from participating in other aspects of the case would not serve the rules intended purpose. *See id.* ("The caselaw decided under these provisions fully supports the plain reading of this language." (citing *Khoury v. Cook Associates*, 1997 U.S. Dist. LEXIS 13593 (N.D.Ill. Sept. 4, 1997) (holding that nothing in Rule 3.7 prevents a disqualified attorney from "researching and drafting the motions to dismiss"))). Accordingly, even if the Court were to find that the attorney-witness rule applied to Mr. Weston's self-representation and that he is a necessary witness, it does not bar him from participating in proceedings that are not before a finder of fact.

**D. Rule 3.7(b) Expressly Preserves the Right of Firm's Other Lawyers to Act as Advocates**

Even if the Court were to conclude that Mr. Weston could not act as an advocate at trial, Rule 3.7(b) expressly preserves the right of other lawyers in the firm to do so. *See* Ohio Prof. Cond. Rule 3.7 cmt.5 ("Because the tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness, division (b) permits the lawyer to do so except in situations involving a conflict of interest."). Rule 3.7(b) states: "A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's *firm* is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9." Ohio Prof. Cond. Rule 3.7(b). Plaintiff has made no showing (nor could they) that the appearance of other Weston Firm attorneys creates any conflict of interest under Rule 1.7 or 1.9. *See generally* Mot.

## II. Mr. Weston Has Not Acquired a Proprietary Interest In The Litigation By Virtue of His Status as Partner in the Weston Firm.

Ohio Rule of Prof. Cond. 1.8(i) prohibits lawyers from acquiring "a proprietary interest" in their client's litigation. But it only pertains to situations where an attorney's representation is secured in consideration for "receiving a part of the proceeds in the event of a favorable determination of the litigation." *Gennett v. Leichtamer*, 1979 Ohio App. LEXIS 10878, at *2 (Sept. 27, 1979) (internal quotation omitted). Mr. Weston's ownership interest does not constitute a proprietary interest for two reasons. First, because his ownership interest in the firm does not depend upon a favorable outcome, he will not receive "proceeds" in the event of a favorable determination. Second, because he was a partner before this litigation, he could not have acquired it in exchange for his representation. Accordingly, Plaintiff's strained interpretation—which they do not support with *any* case law—is utterly without merit.

Because Mr. Weston will not receive compensation as a direct result of a favorable outcome, his status as partner does not constitute a proprietary interest. *See Syscon Corp.*, 10 Cl. Ct. at 203-04. Although Plaintiff contends that Mr. Weston has a proprietary interest because he will "share in [the firm's] gains or losses if damages are assessed in this case," Mot. at 5, the court in *Syscon* explained why this exact argument fails. In *Syscon*, the government sought to disqualify Syscon's in-house counsel, contending that his ownership of Syscon stock, "and its arguable increase in value if Syscon prevails in these cases, constitute[s] a 'proprietary interest' in this litigation." *Syscon Corp.*, 10 Cl. Ct. at 203. The court explained that stock ownership in an entity could not be construed as a proprietary interest because there would be no "direct receipt of cash [by Syscon's counsel] as a result of winning the litigation involved." *Id.* at 204. "The only financial benefit accruing to Mr. Israel would be an increase in the value of his Syscon stock . . . . [This] does not constitute a 'proprietary interest' in this litigation, and that no Rule 1.8(j)[2] violation exists here." *Id.* at 204. Likewise the "only financial benefit" to Mr. Weston

---

[2] The 1983 version of the ABA's Model Rule 1.8(j) is identical to Ohio Rule 1.8(i), "which prescribes that '[a] lawyer shall not acquire a proprietary interest in the cause of action or subject

"would be an increase in the value" and financial stability of his Firm "which would theoretically result from a [favorable] judgment." *Id.* This simply cannot be construed as a proprietary interest because Mr. Weston will not directly receive cash or increased ownership in the Weston Firm based on the outcome of the litigation.

The comments to Rule 1.8(i) and Ohio case law fully support the conclusion that Mr. Weston does not have a proprietary interest. Rule 1.8(i) is "designed to avoid giving the lawyer too great an interest in the representation," by preventing situations of champerty. Ohio Prof. Cond. Rule 1.8 cmt.16. "Champerty is simply a specialized form of maintenance in which the person assisting another's litigation becomes an interested investor because of a promise by the assisted person to repay the investor with a share of any recovery." *Lingel v. Olbin*, 198 Ariz. 249, 259 (Ariz. Ct. App. 2000); *Gennett*, 1979 Ohio App. LEXIS 10878, at *2 ("'Champerty is a bargain between one having an interest in a lawsuit . . . and another who is a stranger thereto, whereby such stranger . . . *agrees to carry on the prosecution or defense of such suit at his own expense,* in consideration of his receiving a part of the proceeds in the event of a favorable determination of the litigation.'" (emphasis in original) (quoting *Lo Guidice v. Harris*, 98 Ohio App. 230, 233 (1955))). Because Mr. Weston's ownership interest in the Weston Firm does not depend upon the outcome of the litigation, it cannot be considered a proprietary interest. It was neither negotiated in exchange for his representation, nor does it depend upon the outcome of the litigation.

The interpretation urged by Plaintiff leads to the truly bizarre and undesirable result of preventing Mr. Weston from representing his own firm and must be rejected. *See Syscon*, 10 Cl. Ct. at 204 ("[S]uch a conclusion is problematical as a policy matter. . . .Were courts to adopt the Government's position here, then stock ownership would preclude house counsel from ever serving their employers as litigation counsel."). Mr. Weston does not forfeit his right to represent

---

matter of litigation the lawyer is conducting for a client . . . .'" *Syscon Corp.*, 10 Cl. Ct. at 203 (quoting Rule 1.8(j)).

11

his own firm by virtue of his ownership status. *See Efficient Air, Inc. v. Sufrad Enters.*, 2012 Ohio 3983, ¶42 (Ct. App. 2012) (attorney-member of limited liability corporation properly represented the LLC in litigation); *see also In re Estate of Reeves-Timothy*, 2006 Pa. Dist. & Cnty. Dec. LEXIS 213, at *7 (Pa. County Ct. Sept. 20, 2006) (movant failed to prove that attorney-School-Advisory-Board-member had "a proprietary interest in this particular cause of action."). Accordingly, both case law and Rule 1.8(i)'s underlying rationale support the conclusion that Mr. Weston's ownership status does not constitute a proprietary interest in the litigation.

## CONCLUSION

The Court should, respectfully, deny Plaintiff's motion to disqualify Gregory S. Weston as counsel for Defendant.

DATED: April 25, 2013                              Respectfully Submitted,

/s/ Gregory S. Weston
**THE WESTON FIRM**
GREGORY S. WESTON
MELANIE PERSINGER
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:    (619) 798-2006
Facsimile:    (480) 247-4553

**Counsel for Defendant**