UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE J.M. SMUCKER COMPANY, | ) | CASE NO. 5:13 CV 0448 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| THE WESTON FIRM, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff The J.M. Smucker Company's ("Smucker") motion to disqualify Defendant The Weston Firm's ("TWF") attorney, Gregory Weston, along with any attorney at TWF. Additionally before the Court is Defendant TWF's motion to dismiss Smucker's Complaint for: 1) lack of personal jurisdiction; 2) improper venue; and 3) improper service of process. The parties have fully briefed both matters and the matters are ripe for review.

On June 24, 2013, prior to the Case Management Conference[1], the Court issued its oral ruling denying TWF's motion to dismiss and heard further argument on Smucker's motion to disqualify TWF's attorneys: Gregory Weston and Melanie Persinger. The Court orally granted Smucker's motion to disqualify Attorney Gregory Weston and took the matter under advisement with respect to Attorney Persinger. This Order supplements the Court's oral rulings.

I. TWF's Motion to Dismiss (Doc. 12) is DENIED.

A. <u>The Weston Firm is subject to personal jurisdiction in Ohio.</u>

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to be dismissed from a case for lack of personal jurisdiction. The plaintiff then bears the burden of

---

[1] The CMC commenced immediately after the hearing on the pending motions addressed herein.

proof that the Court has personal jurisdiction over a defendant. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). When the Court relies solely on written submissions to resolve a Rule 12(b)(2) motion, the plaintiff's burden is "relatively slight;" the plaintiff must merely make a prima facie showing that personal jurisdiction exists in order to defeat the defendant's motion. *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir. 1991). The trial court must view the pleadings and affidavits in the light most favorable to plaintiff. *Air Product.*, 503 F.3d at 549 (6th Cir. 2008) (quoting *Theunissen*, 935 F.2d at 1459). The defendant's undisputed factual assertions may be considered. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citations omitted).

"In a diversity case, a plaintiff must satisfy the state-law requirements for personal jurisdiction." *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (citation omitted). "Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn*, 667 F.3d at 712 (citations omitted). Accordingly, Smucker must demonstrate that both due process and Ohio's long-arm statute are satisfied.

1. Ohio's long-arm statute

Smucker alleges that Ohio's long-arm statute, O.R.C. § 2307.382(A), grants this Court personal jurisdiction over TWF because TWF transacts business in Ohio and TWF caused tortious injury in Ohio. O.R.C. § 2307.382 provides in pertinent part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> > (1) Transacting any business in this state;
> >
> > *****

> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

This Court has personal jurisdiction over TWF under O.R.C. § 2307.382(A)(6). TWF created a website purporting to notify and inform class members of a pending lawsuit. Smucker's claims arise from TWF's unauthorized use of the Smucker Marks and TWF's disparaging claims regarding Smucker and its products on that website.  Smucker's headquarters is in Ohio and because its trademarks are maintained in Ohio, Smucker will undoubtedly suffer injury in Ohio caused by TWF's actions.  TWF has been plaintiff's counsel for at least two lawsuits against Smucker[2] and, in those cases, acknowledged that Smucker is an Ohio corporation with its principal place of business in Ohio. TWF had knowledge of the location of Smucker's principal place of business and should have reasonably expected that disparaging claims on its website about Smucker and Smucker products would cause injury in Ohio.

Because this Court finds that TWF is subject to personal jurisdiction under O.R.C. § 2307.382(A)(6), it need not address whether there is also jurisdiction under O.R.C. § 2307.382(A)(1).  The next step in the analysis is to decide whether exercising personal jurisdiction over TWF comports with due process.

2.  Due Process

"Due process requires that a defendant have minimum contacts ... with the forum State ... such that he should reasonably anticipate being haled into court there." *Schneider*, 669 F. 3d at 701 (internal quotation marks omitted) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).  "There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the

---

[2] *Henderson v. The J.M. Smucker Company*, 2:10-cv-04524 (C.D. Cal 2010) and *Caldera v. The J.M. Smucker Company*, 2:12-cv-04936 (C.D. Cal.) (formerly *Vinson et al. v. The J.M. Smucker Company*)

suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn*, 667 F.3d at 712-713. Here, Smucker asserts only that this Court has specific jurisdiction over TWF. Specific jurisdiction is comprised of three elements:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 713. Accordingly, this Court must determine first whether TWF purposely availed itself of the privilege of acting in Ohio or causing a consequence in Ohio; second, whether the cause of action arose from activities in Ohio; and third, whether the TWF's connection to Ohio is substantial enough to make the exercise of jurisdiction over it reasonable.

First, TWF purposely availed itself of the privilege of acting in Ohio and caused a consequence in Ohio. As discussed above, TWF knew that Smucker's headquarters is in Ohio and that because its trademarks are maintained in Ohio, Smucker will undoubtedly suffer in Ohio any injuries caused by TWF's actions in disparaging Smuckers Marks on TWF's website. Therefore, TWF meets the first element.

Second, Smucker's claims arise from TWF's unauthorized use of Smucker marks and its disparaging statements regarding Smucker and Smucker products on its website. The allegation that TWF purposely or knowingly acted in a manner that caused harm to Smucker in Ohio is enough to satisfy this element for specific jurisdiction.

Third, the consequences caused by TWF have a substantial enough connection with Ohio to make the exercise of jurisdiction over TWF reasonable. TWF was fully aware that Smucker's principal place of business is in Ohio. TWF maintains a website promoting its class action law

suit against Smucker. Assuming TWF is not authorized to use the Smucker's Marks, it has done so in a forum that reaches Smucker at its heart.  Assuming that TWF's actions were a cause of injury to TWF, the injury occurred in Ohio. Therefore, TWF meets the third element.

Accordingly, TWF has sufficient minimum contacts with Ohio so that exercise of jurisdiction over it is fundamentally fair and reasonable.  TWF's motion to dismiss for lack of personal jurisdiction is DENIED.

B.  Venue is proper in Ohio.

TWF also seeks dismissal of the Complaint for being brought in an improper venue under Fed. R. Civ. P. 12(b)(3).  Smucker asserts that venue is proper here under 28 U.S.C. § 1391(b)(1) and (2), which state that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

As explained above, Smucker's claims against TWF arise out of TWF's unauthorized and disparaging uses of Smucker's trademarks and TWF's defamatory statements regarding Smucker and its products on the Website.  As described above, TWF knew that Smucker's headquarters is in Ohio and that because its trademarks are maintained in Ohio, Smucker would be injured in Ohio.  Thus, a substantial part of the events giving rise to Smucker's claim occurred in Ohio. Because the Court agrees that venue here is appropriate under 28 U.S.C. § 1391(b)(2), it will not analyze 28 U.S.C. § 1391(b)(1).

TWF's motion to dismiss for improper venue is DENIED.

C. Insufficient Service of Process

TWF also moved to dismiss the Complaint based on insufficient service of process under Fed. R. Civ. P. 12(b)(5). Pursuant to Fed. R. Civ. P. 4(c)(1) and (m), a plaintiff has 120 days to serve a defendant. Smucker filed its Complaint on March 1, 2013, and, therefore, had until June 29, 2013 to serve TWF. TWF moved to dismiss based on insufficient service of process under Fed. R. Civ. P. 12(b)(5) on April 22, 2013. At the time the motion was filed, it was premature. To the extent that the 120 time period has lapsed during the pendency of the motion, and TWF still believes that it has not been sufficiently served, TWF is free to refile the motion raising the same arguments. To the extent that service has been insufficient, Smucker is free to move for an extension of time under Fed. R. Civ. P. 4(m).

II. Smucker's Motion to Disqualify (Doc. 9) is GRANTED IN PART.

For the reasons stated by the Court during the hearing on June 24, 2013, Attorney Greg Weston is disqualified from appearing as counsel on behalf of TWF for the remainder of this litigation. In summary of the Court's oral ruling, the Court finds that Ohio Rule of Professional Conduct 3.7(a) prevents Attorney Weston from acting as TWF's attorney for this litigation.

Ohio Rule of Professional Conduct 3.7(a) provides that:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) the disqualification of the lawyer would work *substantial* hardship on the client.

Ohio Prof. Cond. Rule 3.7(a) (emphasis in original). Attorney Weston is a "necessary witness" in this matter. Under Ohio law, an attorney is a "necessary witness" if the "counsel's testimony is relevant and material to the determination of the issues being litigated and unobtainable elsewhere." *Brown v. Spectrum Networks, Inc.*, 904 N.E.2d 576, 580 (Ohio Ct. App. 2008).

The record demonstrates that Attorney Weston is responsible for the creation, content, and maintenance of the website that is at the heart of this litigation. Moreover, in its own initial disclosures, TWF identifies only two sets of persons likely to have discoverable information that is relevant to this action: 1) employees, officers, and directors of Smucker; and 2) Gregory S. Weston. Doc. 21-5. Based on the briefings of the parties, and the oral arguments made on June 24, 2013, the Court finds that Attorney Weston's testimony would be both relevant and material.

Attorney Weston argues that Smucker has failed to demonstrate that his testimony would be unobtainable elsewhere. This Court disagrees. Smucker argues that it expects to elicit testimony from Attorney Weston regarding, *inter alia*, his maintenance of the website and the website's use of Smucker's trademarks. Attorney Weston lists no person other than himself as having knowledge regarding the creation, maintenance or control of the website. Accordingly, the Court finds that Attorney Weston's testimony is admissible and necessary, and must now determine whether any of the exceptions set forth under Rule 3.7 apply.

None of the exceptions in Rule 3.7 applies. First, Attorney Weston's testimony relates to a contested issue. Although during the oral argument Attorney Weston indicated that whatever matters he could testify about regarding the creation and maintenance of the website are uncontested, or, at the very least, could be stipulated to, such testimony remains contested at this time. As such, the exception in Rule 3.7(a)(1) does not apply. Second, since TWF does not argue that the testimony relates to the nature and value of legal services rendered in the case, this

second exception does not apply.   Finally, Attorney Weston's disqualification will not lead to *substantial* hardship on TWF since Attorney Persinger, also counsel of record for TWF, may continue in her representation.  Because Attorney Weston's testimony is necessary to this litigation and none of the exceptions in Rule 3.7(a) applies, Attorney Weston may continue to represent TWF as the corporate representative, but is disqualified as acting as TWF's attorney.

Attorney Melanie Persinger, however, is not disqualified and may act as counsel on behalf of her employer, TWF. Ohio Rule of Professional Conduct 3.7, states that a "lawyer *may* act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9" (emphasis added).   Rules 1.7 and 1.9 address conflicts of interest arising from representation of current and former clients, which circumstances are not at issue here. Accordingly, even through Rule 3.7 disqualifies Attorney Weston from representing TWF, the remainder of his law firm is not disqualified.

Moreover, Smucker does not argue that either Rule 1.7 or 1.9 apply, but, instead suggests that Rule 1.8(i) prohibits Attorney Persinger from representing TWF. Rule 1.8(i) prohibits lawyers from acquiring a proprietary interest in their client's litigation.  Even if, but not deciding whether, Rule 1.8(i) disqualifies Attorney Weston, a shareholder in TWF, from representing TWF, the rule does not apply here to Attorney Persinger. In an affidavit dated June 27, 2013, Attorney Persinger declared under penalty of perjury that she is an employee of but has no ownership interest in TWF. Attorney Persinger further declared that she does not "possess a proprietary interest in this cause of action or the subject matter of this litigation." Doc. 34. Accordingly, Attorney Persinger is not disqualified from representing TWF in this litigation.

III. Conclusion

For the reasons stated during the hearing and further addressed above, Defendant The Weston Firm's Motion to Dismiss (Doc. 12) is DENIED and Plaintiff The J.M. Smucker Company's Motion to Disqualify is GRANTED IN PART; Attorney Weston is disqualified from representing The Weston Firm in this matter, but Attorney Persinger may continue to represent The Weston Firm.

IT IS SO ORDERED.

| | |
|---|---|
| July 15, 2013 | /s/ *Judge John R. Adams* |
| Date | JUDGE JOHN R. ADAMS |
| | UNITED STATES DISTRICT COURT |