**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| | ) CASE NO. 5:13 CV 0448 |
| THE J.M. SMUCKER COMPANY, | ) |
| | ) |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| | ) |
| v. | ) <u>ORDER</u> |
| | ) |
| THE WESTON FIRM, P.C., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion to Compel Discovery (Doc. 59). Having reviewed the briefing and considering the arguments and case law the Court finds that Plaintiff's Motion to Compel Discovery (Doc. 59) is GRANTED IN PART.

Plaintiff served its Second Set of Interrogatories and Third Set of Document Requests (collectively "Financial Discovery") upon Defendant on July 31, 2013.  These requests seek discovery related to the financial status of Defendant The Weston Firm, P.C. and non-defendants Gregory Weston, Jack Fitzgerald, and "any other person who has an ownership interest in Defendant". See Doc. 60-2.  The Second Set of Interrogatories includes two interrogatories to Defendant and The Third Set of Document Requests includes 18 document requests.  Defendant responded to the Financial Discovery requests on August 30, 2013 asserting various objections and limited responses.

Plaintiff filed on September 25, 2013, a motion to compel Defendant to respond to the Financial Discovery requests. Doc. 59. Defendant opposed the motion on September 30, 2013. Doc. 65. Plaintiff replied in support of its motion on October 7, 2013.  Doc. 66.

First, the Court notes that Plaintiff's motion to compel contains general and broad requests for this Court to compel Defendant's responses. Plaintiff does not state with specificity why this Court should overrule Defendant's objections to the individual discovery requests; instead, this Court must wade through each discovery request to determine which, if any, apply to each of Plaintiff's arguments.  The Court has taken on this burden in the interest of moving this litigation to the next stage.

    I.      To the extent Plaintiff has requested the personal financial information of Gregory Weston, Jack Fitzgerald and any other person who has an ownership interest in Defendant, Plaintiff's motion is DENIED.

Neither Mr. Weston nor Mr. Fitzgerald is a defendant in this law suit. Plaintiff has gone out of its way to provide this Court with case law discussing when a named defendant who is an individual officer of a defendant corporation may be held liable for a judgment against the corporation.  However, Plaintiff has expressly decided **not** to name Mr. Weston, Mr. Fitzgerald, or any other person who may have an ownership interest in Defendant.  "Financial information relating to non-parties is entitled to protection." *Millwrights' Local 1102 Supplemental Pension Fund v. Merrill Lynch, Pierce, Fenner & Smith*, 2010 WL 2772443, *3.

This Court recognizes that there is a distinction between parties and non-parties in litigation, including the discovery process. Plaintiff has taken precautions at every step in this litigation to prevent Mr. Weston from personally participating in this litigation. Plaintiff did not name Mr. Weston as an individual defendant. Plaintiff sought to have Mr. Weston disqualified as counsel of record for Defendant. Plaintiff seeks a protective order which would prevent Mr. Weston from assisting in the trial preparation for this matter. Yet, Plaintiff seeks in discovery to obtain financial information of Mr. Weston, and likewise Mr. Fitzgerald, without pursuing the

proper procedural rules, i.e. Fed. R. Civ. P. 45, which would allow these non-parties to personally respond or seek a proper protective order from this Court.

Moreover, Plaintiff's argument regarding Mr. Weston's personal liability for any judgment against Defendant is misplaced. Even if the corporate veil could be pierced, Plaintiff has failed, refused, or strategically decided not to name Mr. Weston as a party in this litigation. Accordingly, that issue is not, before this Court at this time. Defendant's objections to the discovery requests seeking information relating to the personal finances of Gregory Weston, Jack Fitzgerald, and any other person who has an ownership interest in Defendant (Interrogatory No. 2, Request No. 2, Request No. 4, Request No. 6, Request No. 8, Request No. 10, Request No. 12, Request No. 14, Request No. 16, and Request No. 17) are sustained[1].

II.     Plaintiff's motion to compel financial information related to Defendant is GRANTED IN PART.

Defendant objected that Plaintiff's Financial Discovery requests were, *inter alia,* overly broad, unduly burdensome and, in large part, duplicative. In Plaintiff's Reply in support of its motion to compel, Plaintiff agreed to certain limitations to the financial information sought. Specifically, Plaintiff's agreed that for Request Nos. 3, 5, and 7 the relevant time period shall be from October 2012 to the present; and for Request No. 1, Defendant's "tax returns and supporting schedules and documentations for the 2012 tax year shall constitute sufficient responses" (Doc. 68 at 7).

Interrogatory No. 1 requests Defendant to "Identify all assets owned by The Weston Firm, P.C. that could be used to satisfy a judgment against it, including, without limitation, any bank accounts, real estate, inventory, retirement funds, etc."   After asserting numerous

---

[1] In any event, it is highly unlikely that the Defendant itself even has access to the personal information of Mr. Weston or Mr. Fitzgerald, and this Court is certainly not about to compel Defendant to somehow gain that information.

objections, Defendant responded that it maintains bank accounts at Union Bank, N.A. The Court

finds that Defendant did not sufficiently respond to this inquiry and shall identify the balance

maintained in all bank accounts that are responsive to this request.  Moreover, Defendant is

ordered to either identify any other assets responsive to this request or affirmatively state that no

other assets are owned by The Weston Firm, P.C. that could be used to satisfy a judgment against

it.

Request No. 1 seeks "all federal and state income tax returns and supporting schedules

and documentations filed or prepared by The Weston Firm, P.C. or on behalf of The Weston

Firm, P.C. for the last three years."  Defendant's objections are sustained in part; production is

limited to documents for the 2012 tax year.

Document Request Nos. 3, 5, 7, 9, 11, 13, 15, and 18 are overly broad and unduly

burdensome. Defendant's objection is sustained.

Request No. 3: "Produce all bank statements from any bank accounts in
the name of The Weston Firm, P.C., including…checking accounts, savings
accounts, trust accounts, money market accounts, certificates of deposit…"

Request No. 5: "Produce all credit card statements from credit cards in the
name of The Weston Firm, P.C."

Request No. 7:  "Produce any and all documents that reflect or refer or
relate to any investments made by The Weston Firm, P.C., including without
limitation any stocks, mutual funds, and investment accounts."

Request No. 9:  "Produce any and all documents that reflect or refer or
relate to any real estate owned as of March 1, 2013 by The Weston Firm, P.C."

Request No. 11:  "Produce any and all documents that reflect or refer or
relate to ownership as of March 1, 2013 of any tangible assets by The Weston
Firm, P.C., including without limitation any cash, office equipment or furniture,
inventory, and motor vehicles."

Request No. 13:  "Produce any and all documents that reflect or refer or
relate to the current debt of The Weston Firm, P.C., including without limitation
any outstanding loans, credit card debt, and lines of credit."

Request No. 15:  "Produce any and all documents that reflect or refer or relate to prior debts that were not repaid by The Weston Firm, P.C., including without limitation any records from debt collectors, past due notices, and correspondence related to such unpaid debts."

Request No. 18 seeks "all documents that reflect or refer or relate to the financial status of The Weston firm, P.C. as of March 1, 2013, including without limitation profit and loss statements, balance sheets, ledgers, payroll statements, and/or distributions or dividends."

The Court finds that sufficient responses to Document Request No. 1 and Interrogatory No. 1 are all that is relevant at this time and, accordingly, all that Plaintiff is entitled to. There is currently no judgment against Defendant. The purpose of discovery is not to conduct a debtor's exam. Should Plaintiff prevail in this matter, it will be able to seek the information regarding the exact location of Defendant's finances and assets at that time.

Finally, Defendant's objection asserting that discovery should be limited to the issue of prosecutorial immunity is overruled. The Court denied Defendant's motion for judgment on the pleadings, including Defendant's assertion of prosecutorial immunity. Doc. 67.  Moreover, there is a clear overlap of issues and evidence that are a part of Defendant's assertion of immunity and Plaintiff's claims for relief.  As such, limiting discovery as Defendant requests would serve no meaningful purpose.


IT IS SO ORDERED.

  October 23, 2013                            ____/s/ Judge John R. Adams_____
Date                                         JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT